UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID W. BROWN<br>9655 Perkins Road #C-113<br>Baton Rouge, LA  70810,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC  20520,<br><br>    Defendant. | Civil Action No.  1:15-cv-01459 |

## COMPLAINT

Plaintiff David W. Brown brings this action against Defendant Department of State pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.     Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.     Plaintiff David W. Brown is a U.S. citizen and is a resident of the state of Louisiana.  Brown is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4.      Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

**BACKGROUND**

5.      Brown repeats and realleges the allegations contained in all paragraphs set forth above.

6.      On 2 March 2015, the *New York Times* broke the story that former Secretary of State Hillary Clinton ("Secretary Clinton") had exclusively used a private email account on a private email server to conduct official business during her tenure as Secretary of State.

7.       Secretary Clinton provided copies of approximately 55,000 pages of these emails ("Clinton emails") to State on 5 December 2014.

8.      State officials first discovered classified information in the Clinton emails in May 2015.  On 25 June 2015, the Inspector General of the Intelligence Community advised the Chairs and Ranking Members of the Senate Select Committee on Intelligence and the House Permanent Select Committee on Intelligence (collectively "Intelligence Committees") that classified information had been discovered during a review of a sample of the Clinton emails.  In the same letter, the Inspector General advised the Intelligence Committees that Secretary Clinton's attorney David Kendall ("Kendall") had maintained one or more USB flash drives containing copies of all of the Clinton emails.

9.      State officials installed a safe in early July at Kendall's Williams and Connolly office for storage of these flash drives.  On 5 August 2015, State publicly confirmed that Kendall had been given permission to maintain the flash drives in the Williams and Connolly office.

10. On 6 August 2015, Kendall surrendered the flash drives to the Department of Justice.

## CAUSE OF ACTION

## (CONSTRUCTIVE RECORDS DENIAL – F-2015-12812)

11. Brown repeats and realleges the allegations contained in all paragraphs set forth above.

12. On 7 August 2015, Brown, through undersigned counsel, submitted the following FOIA request to State: "It was recently reported that the State Department authorized private attorney David Kendall to maintain potentially classified State Department records at his own firm, out of the control of the State Department. . . . Allowing a private lawyer to maintain potentially classified records is virtually unprecedented, and on behalf of my client David Brown, I request under FOIA all records about this decision." Brown also requested expedited processing and a public interest fee waiver, and further specified that he preferred to receive all responsive records in electronic form.

13. On 13 August 2015, State acknowledged Brown's FOIA request and assigned it Request No. F-2015-12812. State granted Brown's requests for expedited processing and a public interest fee waiver.

14. As of this writing, State has sent no further correspondence to Brown regarding this request.

15. As twenty working days have elapsed without a substantive determination by State, Brown has exhausted all required administrative remedies.

16. Brown has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by State of said right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David W. Brown prays that this Court:

(1) Order the Department of State to provide all responsive records to him in a timely fashion;

(2) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date:   September 7, 2015

Respectfully submitted,

Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*