UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID W. BROWN,<br><br>            Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF STATE,<br><br>            Defendant. | Case No.  1:15-cv-01459-CKK<br>Judge Colleen Kollar-Kotelly |

## JOINT STATUS REPORT

Pursuant to this Court's October 30, 2015 Order (ECF No. 8) and November 25, 2015 Minute Order, the parties hereby provide a joint update on this litigation, including the status of the FOIA request by Plaintiff that underlies the litigation.[1]

Status of FOIA Searches and Production of Responsive, Non-Exempt Information

1. Defendant, the United States Department of State ("State"), has identified five bureaus as reasonably likely to have documents responsive to Plaintiff's FOIA request and tasked those bureaus with conducting searches for potentially-responsive records.

2. Four of the five bureaus have completed the assigned searches and provided potentially-responsive records, totaling several thousand pages, to State's FOIA office.

---

[1] As described in Plaintiff's Complaint, Plaintiff is seeking Department of State records pertaining to the decision by the State Department to "authorize[] [former Secretary of State Hillary Rodham Clinton's] private attorney David Kendall to maintain potentially classified State Department records at his own firm." ECF No. 1, at ¶ 12.

3. Defendant is presently completing the search of the remaining bureau. In addition, Defendant is reviewing the thousands of pages of potentially-responsive records located by the five bureaus to: 1) identify the documents that actually contain information responsive to the FOIA request; 2) to segregate non-exempt information in records containing responsive information; and 3) to produce responsive, non-exempt information to Plaintiff on a timely basis.

4. In light of the volume of potentially-responsive material, Defendant is unable to reliably forecast a completion date for all productions at this early stage. Defendant anticipates it will be able to better forecast a completion date once it has begun to review and produce potentially-responsive, non-exempt material.

Proposed Schedule for FOIA Productions and Future Proceedings

Based on the status of Defendant's searches, the parties have agreed to proceed according to the following schedule:

- On January 11, 2016, Defendant will make its first production of responsive, non-exempt information in response to Plaintiff's FOIA request;

- Defendant will make further productions of responsive, non-exempt information in response to Plaintiff's FOIA request on a rolling basis, with productions occurring every four weeks, beginning February 8, 2016.

- Soon after Defendant's January 11, 2016 production, counsel for the parties will confer to discuss outstanding issues, potentially including the scope of searches conducted by State, the number of pages to be reviewed in preparation for each rolling production, and the completion date for those productions.

The parties therefore respectfully suggest that they provide the Court with a further status report regarding Defendant's FOIA productions and their anticipated future schedule of proceedings on February 12, 2016, following Defendant's February 8, 2016 production.

Status of Related Case

On October 30, 2015, Defendant filed a notice of related case alerting the Court to the existence of another civil action, *James Madison Project et al. v. Dep't of State*, Civ. No. 15-cv-01478-ABJ (D.D.C.) ("Case No. 15-1478"), concerning a similar FOIA request. *See* ECF No. 7. Defendant also filed a coordinate notice in Case No. 15-1478 identifying this case as a related case. Plaintiff in this case took no position on the related case designation, noting that the FOIA requests at issue in the two cases are similar, but not identical. *See* ECF No. 9. The parties disagree about how to proceed regarding the related case designation, and therefore provide the following separate statements of their views.

*Defendant's Position*

At this stage of the processing of the FOIA requests, State can inform the Court that it has identified the same five bureaus as reasonably likely to have documents responsive to the FOIA requests at issue in this case and in Case No. 15-1478. However, the individual bureaus carrying out searches have employed different keywords in searching for potentially-responsive documents. When State's production of any responsive, non-exempt documents is complete, State will be able to advise the Court regarding the extent of overlap in its ultimate production of responsive documents.[2] Defendant's view is that it would be appropriate for the Court to defer

---

[2] Defendant is also today filing a status report in Case No. 15-1478, in which Plaintiffs have opposed the related case designation. In that case (with no position taken by Plaintiffs' counsel), Defendant has proposed that the Court consider the appropriate level of coordination between the two cases at a later time, when the scope of issues in

further consideration of the related case designation for the time being, until the point at which it can be determined whether the overlap, if any, between issues to be litigated in the two cases is sufficient that the interest of judicial economy would be served by coordinated treatment.

*Plaintiff's Position*

However, Brown maintains that the Court should designate the cases as related (or not) at its earliest convenience, since State has already forced the issue and set forth its reasons for doing so. In Brown's opinion, State should have performed this analysis before burdening this Court or Judge Jackson with a Notice of Related Case, and it appears that it is now seeking to backtrack on its assertions only because Brown demonstrated its inconsistent positions. In *Sack v. CIA*, No. 12-537 (D.D.C.), the plaintiff made the exact same request that the judge should wait until the agencies had completed processing the requests in question to see how closely the cases were related, and the Government opposed it, leading the judge to decline to designate the cases as related before many of the component requests had even been processed. Now State asks this Court for the very delay it opposed in *Sack*. While Brown continues to take no position on whether or not these cases are related, he does oppose any delay in the Court's determination.

Dated:  December 3, 2015                               Respectfully submitted,


/s/ _____
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 (fax)

---

dispute (if any) becomes clear to the parties and the Court.  *See* Status Report, ECF No. 12, *James Madison Project et al. v. Dep't of State*, Civ. No. 15-cv-01478-ABJ (D.D.C.) (Dec. 3, 2015).

4

Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

                                       BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

MARCIA BERMAN
Assistant Branch Director

*/s/*
ERIC J. SOSKIN (PA Bar #200663)
Senior Counsel
Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Ave., NW Rm. 7116
Washington, DC 20001
Telephone: (202) 353-0533
Fax: (202) 616-8470
Email: Eric.Soskin@usdoj.gov

*Counsel for Defendant*