UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID W. BROWN,
        Plaintiff

    v.

DEPARTMENT OF STATE,
        Defendant.

Civil Action No. 1:15-01459 (CKK)

**MEMORANDUM OPINION**
(July 12, 2018)

      This is a Freedom of Information Act ("FOIA") action. Plaintiff alleges that copies of former Secretary of State Hillary Clinton's e-mails were, for a time, stored on flash drives in a safe inside the law office of her private attorney, David Kendall of Williams & Connolly, LLP. *See* Compl., ECF No. 1, at ¶¶ 8-10. Through this lawsuit, Plaintiff seeks from Defendant, the United States Department of State, "all records about [the] decision" to allow "David Kendall to maintain potentially classified State Department records at his [law] firm." *Id.* at ¶ 12.

      After Defendant made a series of rolling productions of documents to Plaintiff, the parties filed cross-motions for summary judgment. One of the issues the parties disputed in their cross-motions was the adequacy of the State Department's search for responsive records. After Judge Amy Berman Jackson remanded a nearly identical case (*James Madison Project, et al., v. Department of State*, No. 15-cv-1478) back to the State Department to conduct further searches, the Court denied both parties' motions for summary judgment in this case without prejudice. *See* Jan. 31, 2017 Order, ECF No. 32. The Court held that because Defendant had been ordered to conduct additional searches and prepare additional declarations with respect to the FOIA request in the matter before Judge Jackson—which Defendant had treated as identical to the request in this case—it only made sense for Defendant to provide those same documents and declarations to the Plaintiff in this case as well, and for the parties to then brief summary judgment again after that had occurred. *Id.* at 3. After the Court's Order, Defendant made additional rolling productions to Plaintiff while the parties filed intermittent Joint Status Reports.

      The parties have now filed a Joint Status Report in which they represent that no further document productions need occur in this case, and that the Court need not issue an opinion on the adequacy of Defendant's searches. *See* Joint Status Report, ECF No. 38. The parties further represent that only a narrow set of disputes remain regarding the propriety of withholding of documents. *Id.* at 2. These disputes had already been briefed in relation to the parties' previously-denied summary judgment motions. *Id.* The parties ask the Court to rule on these disputes on the basis of their previously-filed briefs. *Id.* Both parties agree that after the Court has made these rulings, this case will be fully resolved. This Memorandum Opinion addresses the parties' remaining disputes and resolves this case.

Upon consideration of the pleadings[1], the relevant legal authorities, and the record for purposes of this motion, the Court **GRANTS** summary judgment for Defendant and **DENIES** summary judgment for Plaintiff. The Court finds that the narrow set of withholdings still at issue in this case were all proper. This case will be **DISMISSED**.

Congress enacted the Freedom of Information Act, 5 U.S.C. § 552, in order to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed by release of certain types of information." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc) (citation omitted), *cert. denied*, 507 U.S. 984 (1993). To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for categories of material." *Milner v. Dep't of Navy*, 131 S.Ct. 1259, 1261-62 (2011). Ultimately, "disclosure, not secrecy, is the dominant objective of the act." *Rose*, 425 U.S. at 361. For this reason, the "exemptions are explicitly made exclusive, and must be narrowly construed." *Milner*, 131 S.Ct. at 1262 (citations omitted).

When presented with a motion for summary judgment in this context, the district court must conduct a "de novo" review of the record, which requires the court to "ascertain whether the agency has sustained its burden of demonstrating that the documents requested . . . are exempt from disclosure under the FOIA." *Multi Ag. Media LLC v. Dep't of Agriculture*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (citation omitted). The burden is on the agency to justify its response to the plaintiff's request. 5 U.S.C. § 552(a)(4)(B). "An agency may sustain its burden by means of affidavits, but only if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Multi Ag Media*, 515 F.3d at 1227 (citation omitted). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *Am. Civil Liberties Union v. U.S. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011) (citations omitted). "Uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mem. in Support of Def.'s Mot. for Summary Judgment ("Def.'s Mem."), ECF No. 21;
- Pl.'s Mem. in Opp'n to Def.'s Mot. for Summary Judgment and in Support of Pl.'s Cross-Mot. for Partial Summary Judgment and Discovery ("Pl.'s Mem."), ECF Nos. 23, 24;
- Def.'s Reply in Support of Mot. for Summary Judgment and Opp'n to Pl.'s Cross-Mot. for Partial Summary Judgment and Discovery ("Def.'s Reply"), ECF Nos. 27, 28, and
- Pl.'s Reply in Support of Pl.'s Cross-Mot. for Partial Summary Judgment and Discovery, ECF No. 30 ("Pl.'s Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

likely to prevail." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011) (citation omitted).

The information that Plaintiff argues Defendant has improperly withheld falls into two categories. First, Plaintiff argues that Defendant has improperly withheld information from certain documents that is already publicly-known. Second, Plaintiff argues that Defendant has improperly withheld non-privileged information from certain other documents under FOIA Exemption 5.[2] The Court rejects Plaintiff's arguments with respect to both categories of information.

### A. The Public-Domain Doctrine

First, Plaintiff argues that the State Department improperly "withheld information from five emails—C05963262, C05963195, C05998332, C05998335, and C05963193—which was previously made public through an official and documented disclosure." Pl.'s Mem. at 10. Plaintiff argues that this is the case because "the withheld information in these emails was sent to Williams & Connolly—*a private law firm unaffiliated with the government*." *Id.* (emphasis in original). This argument implicates the "public-domain doctrine."

Under the "public-domain doctrine, materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record." *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). This is because "where information requested 'is truly public, . . . enforcement of an exemption cannot fulfill its purposes.'" *Id.* (quoting *Niagara Mohawk Power Corp. v. U.S. Dep't of Energy*, 169 F.3d 16, 19 (D.C. Cir. 1999)). The D.C. Circuit has "noted that 'while the logic of FOIA postulates that an exemption can serve no purpose once information . . . becomes public, [the Court] must be confident that the information sought is truly public and that the requester receive no more than what is publicly available before [the Court] find[s] a waiver." *Id.* at 555. To take advantage of this doctrine, a plaintiff must "establish[ ] that the information he seeks has entered and remains in the public domain." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992).

Plaintiff has not shown that the information sought in these e-mails has become "truly public" or that it is preserved in any "permanent public record" in the public domain.[3] All Plaintiff has shown is that the State Department disclosed the information to the private attorney for the former Secretary of State at a single outside law firm. There is nothing in the record to suggest

---

[2] Plaintiff also originally disputed the withholding of document C05946052, *see* Pl.'s Mem. at 12, but Defendant has since provided that document to Plaintiff with the challenged material unredacted, Def.'s Reply at 2 n.1, rendering this dispute moot.

[3] The parties appear to dispute whether, even if the information had become public, that public disclosure could work as a waiver with respect to all of the exemptions that are at issue in this case. In other words, the parties dispute whether or not there are certain FOIA exemptions to which the public domain doctrine categorically does not apply. The Court need not resolve this aspect of the parties' dispute. For the purposes of this Memorandum Opinion, the Court assumes that the public domain doctrine *can* apply to withholdings under any FOIA exemption. The doctrine simply *does not* apply here because the withheld information was never made public.

that this limited disclosure resulted in the information becoming known to anyone else, let alone the general public. In fact, the e-mails in question appear to have been sent to Mr. Kendall as part of a decision to *secure* information at his firm's office. Plaintiff, or any other FOIA requester, would apparently have no way to obtain this information from the public domain despite its having been provided to Mr. Kendall. The logic behind the public-domain doctrine—that FOIA exemptions serve no purpose if the information sought is already public—is simply not applicable under these circumstances. *See Students Against Genocide v. Dep't of State*, 257 F.3d 828, 836 (D.C. Cir. 2001) (holding that photographs "plainly d[id] not fall within" the public-domain doctrine because they "were not released to the general public," and only certain outside parties were allowed to see them); *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 963 F. Supp. 2d 6, 16 (D.D.C. 2013) (holding that the public-domain doctrine did not apply where information had not been released to the general public, but only disclosed to a select group of filmmakers); *Muslim Advocates v. U.S. Dep't of Justice*, 833 F. Supp. 2d 92, 100 (D.D.C. 2011) (holding that disputed documents were not "truly public," and therefore the public-domain doctrine did not apply, where the FBI allowed select outside groups to view the documents but did not release them to the general public).[4]

Accordingly, Plaintiff's public-domain doctrine argument fails, and Defendant is entitled to summary judgment on the withholding of documents C05963262, C05963195, C05998332, C05998335, and C05963193.

### B. FOIA Exemption 5

Second, Plaintiff argues that the State Department improperly invoked FOIA Exemption 5 to withhold three documents—C05946067, C05963395, and C05963377. "Exemption 5 . . . allows the government to withhold 'inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.'" *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008) (quoting 5 U.S.C. § 552(b)(5)). "Exemption 5 'incorporates the traditional privileges that the Government could assert in civil litigation against a private litigant'—including the presidential communications privilege, the attorney-client privilege, the work product privilege, and the deliberative process privilege—and excludes these privileged documents from FOIA's reach." *Id.* (quoting *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 321 (D.C. Cir. 2006)).

---

[4] Plaintiff argues that *Students Against Genocide* and *Muslim Advocates* are distinguishable because the disputed documents in those cases were shown but not given to the outside parties in question. Pl.'s Mem. at 10-11. Here, Mr. Kendall was not merely shown documents. Information in the disputed e-mails was actually sent to him. This distinction does not change the Court's conclusion. In a similar way that the limited disclosures in *Students Against Genocide* and *Muslim Advocates* did not make the disputed information truly public because the information was made available to only a discrete group of individuals and not the general public, sending the disputed information in this case only to the personal attorney of the former Secretary of State simply is not enough to make the information "public."

Plaintiff contends that the three documents at issue "are non-exempt because they do not implicate *State's* deliberative process, do not involve the provision of legal advice from an attorney to a client, and do not pertain to foreseeable litigation." Pl.'s Mem. at 12 (emphasis in original). None of these arguments has merit.

1. C05946067

According to Defendant's *Vaughn* Index, document C05946067 is "a draft letter, prepared by an attorney, from Paul M. Wester to James B. Comey regarding the FBI inquiry into former Secretary Clinton's email server and thumb drives." Dept. of State *Vaughn* Index, ECF No. 21-2 ("*Vaughn* Index"), at 8. This draft letter was withheld under Exemption 5 pursuant to the deliberative process and attorney work-product privileges. The *Vaughn* Index represents that "[r]elease of this information, which is pre-decisional and deliberative with respect to a final decision regarding the contents of the letter, would reveal details of government officials' preliminary thoughts and ideas regarding what information to include in the letter, and could reasonably be expected to chill the open and frank expression of ideas, recommendations, and opinions that occur when government officials are drafting a letter for signature by a senior U.S. Government official." *Id.* It also states that "[d]isclosure of this information would . . . impede the ability of responsible government officials to formulate and carry out executive branch programs by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action." *Id.* at 8-9. The State Department also withheld the document pursuant to the attorney-work product privilege because it contains "information that reflects the mental impressions and thought processes of an attorney that was prepared in anticipation of foreseeable litigation." *Id.* at 9.

The Court upholds the withholding of this document on the basis of the deliberative process privilege. "The deliberative process privilege protects 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Loving,* 550 F.3d at 38 (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8 (2001)). This draft letter appears to have been developed as part of a pre-decisional and deliberative process leading up to the drafting and transmission of a final letter, and as such is precisely the type of document that would come within this privilege. *See Krikorian v. Dep't of State*, 984 F.2d 461, 466 (D.C. Cir. 1993) (holding that draft letters "reflect[ed] advisory opinions that are important to the deliberative process").

Plaintiff objects to the withholding of this draft letter under the deliberative process privilege because the letter originated from an agency other than the State Department, and was drafted to be sent to an official from another agency: former FBI Director James Comey. According to Plaintiff, to the extent this document is deliberative in nature, the deliberations are irrelevant because they are not deliberations of the Defendant in this case, the State Department.

Plaintiff's objection is unfounded. The involvement of other agencies does not prevent Defendant from invoking Exemption 5 and the deliberative process privilege. Exemption 5 does not apply only to correspondence sent within a single agency. It expressly applies to "inter-agency" as well as "intra-agency memorandums or letters." § 552(b)(5). Moreover, the

5

deliberative process privilege in particular "covers deliberative, pre-decisional communications *within the Executive Branch*." *Nat'l Sec. Archive v. C.I.A.*, 752 F.3d 460, 462 (D.C. Cir. 2014) (emphasis added). It is not limited to communications only within one agency within the Executive Branch. Accordingly, the fact that this document constitutes a communication between members of two agencies does not preclude the application of the deliberative process privilege. This is especially so where, as here, the two agencies were apparently communicating for the purpose of sharing their relative expertise in an attempt to reach a quality decision. This is precisely the type of conduct that the deliberative process privilege seeks to protect.

Nor is there any authority that Plaintiff has presented to the Court, or that the Court is aware of, that would prevent the State Department from asserting this privilege even though State was not the intended sender or recipient of the draft letter. Similarly, Plaintiff provides no authority for his claim that Defendant must submit a declaration from officials from the other agencies involved. Pl.'s Mem. at 12. The Court can discern from the *Vaughn* Index and declaration Defendant has already submitted that the deliberative process privilege applies. Nothing more is required. Defendant is entitled to summary judgment with respect to this document.

2. C05963395 and C05963377

According to Defendant's *Vaughn* Index, document C05963395 is "an inter-agency e-mail exchange from the [National Archives and Records Administration] General Counsel to the Department of Justice, which was then forwarded to [Department of State] attorneys, regarding a letter to David E. Kendall from the [Department of State] Inspector General's Office regarding information pertaining to [a] preservation order." *Vaughn* Index at 33. Document C05963377 is "an inter-agency e-mail exchange from the [Department of State] Deputy Legal Adviser to the [National Archives and Records Administration] General Counsel and the Department of Justice, regarding a letter from [the Department of State] to FBI Director Comey." *Id.* at 34. In both documents, the *Vaughn* Index states that "the [Department of Justice] and [Department of State] attorneys discuss what information to include in an upcoming court filing." *Id.* at 33, 34. Portions of both documents were withheld under Exemption 5 pursuant to the deliberative process, attorney-client, and attorney work product privileges.

The *Vaughn* Index makes clear that the disputed portions of both of these documents were properly withheld. Little discussion of this point is required. Both documents contained communications of legal advice sent from government attorneys to their clients. They are both deliberative and are both work product in the sense that they discuss what approach should be taken to an upcoming court filing. They are clearly privileged.

The focus of Plaintiff's argument with respect to these documents is that it was improper for the State Department to redact text that was originally written by a National Archives and Records Administration attorney (as opposed to a State Department attorney). *See* Pl.'s Mem. at 13. This argument goes nowhere. As an initial matter, Defendant has represented that in fact the redacted text at issue in document C05963377 was not written by a National Archives and Records Administration attorney, as Plaintiff postulated, but instead by a Department of Justice attorney. Regardless, even assuming that the portions of the documents were written by an attorney outside

6

of the State Department as Plaintiff contends, that simply does not defeat the assertions of privilege. Legal advice does not lose its protected status simply because it incorporates statements from outside sources. Attorney work product and attorney-client communications do so routinely.

Finally, to the extent Plaintiff argues that the partial withholding of these documents required a declaration from National Archives and Records Administration or Department of Justice officials, the Court rejects that argument. The declaration and *Vaughn* Index in this case are sufficient to demonstrate why the withholdings were proper. Defendant is entitled to summary judgment with respect to these documents.

\* \* \*

For the reasons stated above, the Court finds that the narrow set of withholdings still at issue in this case were proper. Accordingly, summary judgment will be **GRANTED** for Defendant and **DENIED** for Plaintiff, and this case will be **DISMISSED**. An appropriate Order accompanies this Memorandum Opinion.

Dated: July 12, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge